Go ahead. May it please the Court, my name is Victoria Dorfman, I represent Ms. Fidele Ignacio Bibi Bibiano. I'd like to reserve three minutes for rebuttal. Go ahead. This is a rare case in two respects. One, the government acknowledged the serious errors by the IJA and the BA, and so conceded that remand to the BA is warranted whichever circuit this case is in. And second, the government also acknowledged that Ms. Bibiano's construction of the venue provision, A2AC-1252B, and hence her filing in this circuit, was understandable and not in bad faith. So the question here is whether this circuit should remand to the BA, or whether it should be forced transferred to another circuit, which would then remand to the BA upon transfer. Well, let me ask you this. So basically, if so, if we're not really disputing whether the court has jurisdiction here. No, no. And so, even though I think the Ninth Circuit hasn't necessarily clearly stated that, that this, that it doesn't deny jurisdiction, but you're saying the parties aren't really, and so you're hoping that we agree. And so, assuming that we have jurisdiction to get where we are, and that the real point is, do we just, you want it to be transferred to the Eleventh Circuit, and... No, no. We would like it to be remanded. You want it here. They want it to the... You like where you are. And here's my... Well, you're not going to be here for long, because we ask for remand, and they ask to be transferred to either Eleventh or the Fourth Circuit, basically. But why, okay, but why, since, all right, that issue of whether it goes to the Eleventh or whether it stays here requires some analysis in terms of who has jurisdiction, you know, did, was, what happened in the Eleventh Circuit, was that, does it necessarily, does it belong here or does it belong there? And then, let's say that we say, if, let's assume that we think, okay, really it should go to the Eleventh Circuit, but then we can look at it and decide, all right, we could keep it if we wanted to. But here's my concern. Why, from a judicial perspective, I don't really like forum shopping, okay, just because I think that it disrupts the order of how we do things judicially. And if, for example, you allow it in a certain instance, but then, say, someone else doesn't allow it, then, you know, it's not an overall orderly process. So why wouldn't it make sense to, because the government says it needs to be remanded, to remand it to the BIA, let the BIA decide, is it, does it properly belong in the Eleventh Circuit or does it belong here? Let them have a stab at it in the first instance rather than usurping that from the BIA. Because the BIA is just in one spot, right? Right. They're basically back east. Three things, if I could address regarding what you said. First, there is no dispute here that the court has jurisdiction. It's only whether venue is proper in this court. There is jurisdiction because there was removal order, then there was reinstatement order during those proceedings. Ms. Bibiano expressed reasonable fear of persecution. IJ has jurisdiction under ATFR 208.41 to adjudicate her misclothing and cat claims. Well, but we basically have to decide whether venue is jurisdictional. And you both say it's not, but we still, as a court, have to make that determination. Sure. But let's assume that we all agree on that just for this purpose. Okay. So, assuming venue is not jurisdictional, I understand your concerns about form shopping. I don't believe they exist here, and the government doesn't believe so either because the government concedes that Ms. Bibiano's filing in the circuit was understandable and not in bad faith. And indeed, looking at 1252B, the only venue provision in the INA, under that, venue terms on where immigration judge completed removal proceedings. So, at the very least, your reading of it is reasonable and based on statutory text. So, there is no form shopping here, and moreover, the government here, again, says remand to the BA is required. Yeah, but the government isn't conceding that it stays here. They're not conceding that issue. Right, but what I'm saying is that there is no form shopping where filing by litigant is in good faith and reasonable based on the language of the statute. The briefing is already complete here, and the remand is required. Well, remand is warranted. And so, if you were to rule on the interest of justice analysis, which is what you seem to be getting at, this would not create any incentive for other litigants to engage in form shopping because this is a very rare case. Oh, everyone would rather, everyone, you're living in a bubble. Everyone would rather be in the Ninth Circuit for immigration cases. Right, but this case is unique in several respects that they have just outlined. But if under the interest of justice, if the venue was really more appropriately in the Eleventh Circuit, but we just push those limits and say, okay, we'll just keep it here because of everything, then if you write an opinion, then you create a precedent for, you give an arrow in the quiver for future cases to form shop. That's correct, Your Honor, unless you specify the precise reasons here that this makes this case distinguishable from hundreds of other cases, which is, as I said, the government does not dispute that your filing here was in good faith. Ms. Dorfman, how did you get around this flat-out holding in Trejo Mejia? I'm sorry, which one? Trejo Mejia. Okay. Which says flat out, we lack jurisdiction for purposes of the transfer statute because venue does not lie, citing Rodriguez-Roman. Aren't we bound by that? I don't believe so. Why not? Well, this Court has not held that venue is jurisdictional. That's the holding right there. We lack jurisdiction because the venue does not lie. It's a flat-out holding, isn't it? I don't believe that was a holding under 1252B. Well, what is it? And it cites Rodriguez-Roman. And according from Rodriguez-Roman, it says, for purposes of the transfer statute, section 1631, the Court lacks jurisdiction if venue does not lie. Period. Well, Your Honor, this Court, I apologize, I don't remember off the top of my head, but this Court has certainly also relied on the interest of justice analysis in conjunction with 1631 to determine whether by a new... Well, the interest of justice analysis is whether the case should be dismissed or whether it should be transferred. Whether it should be transferred to another circuit. And not litigated here, whether it should be dismissed or whether it should be transferred. That's where the interest of justice analysis comes in, isn't it? Well, the question is whether you should remain directly to the BA or transfer to 1144th Circuit. No, no, we can't transfer to the BA unless we have jurisdiction because, you know, that's acting on the petition. Right, well, as I was trying to address Judge Callahan's question, there is jurisdiction because... Because you acted... You're saying there's jurisdiction because you acted in good faith in the face of a confusing situation? No, Your Honor, I'm sorry, you're misunderstanding me. Jurisdiction here is based on 1252A, which gives this court jurisdiction to review BA's denial... BA's... BA's affirmance of immigration judge's denial of withholding and capture leave. If the final removal order, right, came out of the 9th Circuit. But if we decide that question against you, there's no jurisdiction, right? Your Honor, so is your... Let me just try to understand. Is your question whether venue is jurisdictional or you're assuming that it is jurisdictional and therefore we shouldn't be here? I'm assuming it's jurisdictional because that's what our case law says. Well, Your Honor, I don't think subsequent cases have taken this position. In fact, all other circuits that have... Well, is there a subsequent case that overrules either Trejo Mejia or Rodriguez Roman? No, I believe courts have acknowledged that this court... Subsequent decisions have acknowledged that this circuit has not squarely ruled on whether venue is jurisdictional and I'm happy to present our argument why it's not jurisdictional if venue... Well, my question, those arguments don't do any good if we're bound by these cases. So my question is why aren't we bound by these cases that say flat out it is jurisdictional? Your Honor, again, I don't have the case in front of me, but I believe that this was not a square holding on this particular issue and every subsequent court of appeals that has considered whether venue is jurisdictional has always viewed Ninth Circuit as being one of the, at the moment, three courts that have not made a ruling either way. If you would like, I can run through our arguments why it's not jurisdictional. No, I know your argument to your complete, but my point is you're completely ignoring these cases. Your Honor, again, I apologize for not remembering off the top of my head, but the government here also does not argue that there is no jurisdiction here. Well, I think, okay, I have a quote from Trejo Mejia and I think what it says is we therefore need not decide and do not decide whether 8 U.S.C. section 1252 B.2 is purely a venue statute or whether it also affects our subject matter jurisdiction. Thank you, Your Honor. I believe that was my recollection of the case. So if it's a non-jurisdictional venue statute, okay, we can consider the issue and you're not completely out of court by virtue of the fact that she may have filed in the wrong venue. Exactly. But that doesn't still mean that venue lies here. That's correct, Your Honor. We believe it lies here based on the plain language of the statute. Moreover, if I could make a couple of points regarding the actual language of the statute, it ties the venue to removal proceedings. The government argues, well, maybe it's tied to reinstatement order or to withholding of removal denial, but this court's decisions have held that reinstatement orders are not themselves orders of removal. They merely give effect to the orders of removal, and that would be Castro and Morales-Escudero-Ombank. And on the other hand, this court has held in Galindo-Romero that withholding of denials, withholding of removal is also not equivalent to removal orders. They merely eliminate the impediment to that order's enforcement. And so this court has itself distinguished between removal orders on one hand, reinstatement orders, and withholding on the other. And so just based on the statute itself, we believe the venue is appropriate here. But in any event, given that the remand is required, the case has been fully briefed under the circuit's case law, transferring the case to another circuit would only create delay and would also work hardship on Ms. Bibiano, because she has to continue to live with uncertainties regarding her immigration status. She has to check in with immigration officials. She has to pay a four-year work permit. So transferring the case to another circuit would create delay and would impose costs on both the judiciary and litigants. And so we believe the court should keep the case and just remand to the BIA with instructions to evaluate your Ms. Bibiano's claim. Okay, but the immigration judge in the 11th Circuit conducted proceedings and denied Bibiano's withholding of removal, correct? Yes. And so section 1252B-2 says, the petition for review shall be filed with the Court of Appeals for the Judicial Circuit in which the immigration judge completed proceedings. Those proceedings were completed in the 11th Circuit. Well, unless you read proceedings as referring to removal, which is the language right above of B-2. So we believe it's tied to removal, not subsequent agency actions, because that would also mean that venue would shift throughout the process. Under our interpretation, venue would be B-2 determined. It's where immigration judge issued the original removal order. Under the government's interpretation, it would keep venue shifting as more proceedings unfold. I see that I have very little time left for rebuttal, but are there any other questions? All right. We'll give you some time for that. Thank you. Good morning. May it please the Court, Brendan Hogan for the government. In this case, the petition for review should be transferred. What government are you with now? The federal government, sir. Your Honor. You don't have a white shirt, I don't know. You're mixing it up. I don't have one. I wore my white shirt to my argument yesterday. I don't have one either. Don't worry about it. Excuse me. In this case, the petition for review should be transferred to the proper Court of Appeals, the 11th Circuit. Contrary to counsel's assertion just a moment ago, when there is a denial of a withholding only application. Just so that we clarify what we have to do. I think both sides are in agreement that the 9th Circuit has left open whether this statute is whether it's a jurisdictional statute or it's just or what I guess what you would call, I think I read that quote from whether 1252B2 is purely a venue statute or whether it also affects our subject matter jurisdiction. So my understanding is that you don't, the other circuits have held that we can at least look at it and we can decide we do have subject matter jurisdiction. But the 9th Circuit hasn't specifically held that. That is correct. But then your then and but so we if we chose to write an opinion, we could go along with the other circuits and say, okay, it's whether it's a purely a venue statute or whether it affects our subject matter jurisdiction. If we were consistent with the other circuits, we would say it's a venue statute. We can look at it and decide. But then you would say, but if it's a subject matter jurisdiction, we just have to dismiss it. That's right. Correct, Your Honor. Yeah, we couldn't even look at the issue. But then, but you're in agreement that we can look at it. But then what you're saying is venue properly lies in the 11th Circuit. Yes, Your Honor. But let's, if we agreed with you on that, then they're asking for a transfer in the interest of justice, which is another procedure, right? 1631, Your Honor. Okay. So and then I posited, all right, if we say we can look at it and we say it's a venue statute, it doesn't deprive us of subject matter jurisdiction. But since the parties are both requesting remand, then we could remand it to the BIA, and the BIA could determine in the first distance whether it belongs in the 11th or in the 9th, right? Well, yes, Your Honor. So we send it to the BIA, let them decide what court has power? No, Your Honor. We have the power, they have the power. 10th Circuit's got the power, 9th Circuit's got the power. Yes, Your Honor. And regardless of the authority of the federal circuit courts in this case, it should be transferred to the 11th Circuit to avoid confusion for the board, considering they applied 11th Circuit case law in large part because in the administrative appeal in this case, Petitioner was relying on 11th Circuit case law after her proceedings concluded in the 11th Circuit to receive a remand order from the 9th Circuit would engender confusion for the board. Engender confusion? In what way? Because why would the 9th Circuit be ordering remand in an 11th Circuit case, Your Honor? Or in the alternative, if this court feels that it must order remand, it should at least include language that 11th Circuit authority would control and that 11th Circuit is the court of proper venue. Well, look, you know what the bottom line there is? If she goes to the 11th Circuit, that ends it for her. If she's in the 9th Circuit, she's got a chance. No, Your Honor. As we said in our brief, once the case is transferred to the 11th Circuit, the respondent will move to remand this case back to the Board of Immigration Appeals for further consideration. Now, if they deny her claim, she'll get judicial review of that. But at this time, we're not arguing for dismissal of her case. But it makes a difference to the government, doesn't it, whether the remand goes from the 9th Circuit or the 11th Circuit? For venue purposes, yes, Your Honor. For what the BIA is bound by. For the case law, they must apply, yes, Your Honor. It makes a difference to the government. Yes. But only for clarity's sake so that the agency knows what case law it should apply. Well, now, let me ask you. I want to get this clear now. What is the government's position on all these, you know, venue and transfer statutes? Is it your position that the 9th Circuit must transfer to the 11th Circuit or dismiss or is it your position that it's not jurisdictional? Therefore, although you're arguing we should transfer to the 11th Circuit, the 9th Circuit has the power to decide this case. We are arguing that in the interest of justice, it should be transferred. It should be transferred. It should be transferred to the 11th Circuit, Your Honor. And, again, there are compelling reasons that it should be transferred. No, no, I just want to know whether you're saying we should or we have no choice. You're just saying we should. We should, Your Honor. And especially, again, to avoid confusion at the agency level. Yeah, well, you know, okay, but we do have power here. We do have jurisdiction. You have jurisdiction in as much as the final order of removal under 1252A, Your Honor. We have jurisdiction. But, again, the venue position, this Court must give credit to that provision. I mean, in this case, 1252B2 does not say – Well, a venue is just a matter of convenience. Well, but there isn't – it's open in the 9th – but it's open in the 9th Circuit. Let me get an answer to my question. He didn't answer my question yet. Okay, sorry. Okay. Where's my question? Could you repeat it, Your Honor? Sorry. Read that question and answer back, please. I'm joking, you know. That's not a trial. I'm sorry. But I don't recall the question. I'm sorry. That's okay. No, my question is, we do have jurisdiction in the 9th Circuit. We have power. We have – right? Yes, Your Honor. Okay, that's all. You've answered my question. But, Your Honor, under 1252B2 – Yeah, but then you want to plead with an explanation? Yes, Your Honor. Okay, so we have the power, but we ought to, for the interest of convenience and all the rest, we ought to set it back. But also because 1252B2 is controlling, Your Honor. Even if it's not jurisdictional, it's still mandatory. And in 1252B2, it says where the immigration judge completed proceedings. It doesn't say 1229A proceedings, the underlying removal proceedings. It says removal proceedings, which in this case, withholding only proceedings, are proceedings under Section 1231 of the Act. But, okay, just so that we clear up that Judge Pregerson and I are not confused with each other here, my understanding, and Judge Tshishima said previously to Appellant's Counsel, why doesn't Trejo Mejia say that we don't have jurisdiction and that we just dismiss it? What I read from Trejo Mejia is I still think it's an open question here that we have to say – I mean, we can either say it published or we can determine if we want to go along with the other circuits – that it is – we have to say something about the statute. Is it a venue statute or is it a venue – is it a jurisdictional statute? I don't think that's answered clearly in the Ninth Circuit. No, Your Honor, it's not. So – but you – your argument, you're both saying you think that it is a venue statute. Counsel doesn't think that the panel would even have to answer that today because it still could, with its authority, just transfer it to the Eleventh Circuit without even addressing that question. Well, but if it's a jurisdictional statute, then we have – we can't do anything but dismiss it, right? If it's a total jurisdictional statute, we have to dismiss it, don't we? Well, no, Your Honor, because under 1631, there is a final order here. It was filed within 30 days, so it complies with 1252A and 1252B1. So as other circuits do, when a petitioner erroneously – even in good faith erroneously files in a wrong circuit, they'll transfer it in the interest of justice. Okay. As the other circuits do, is there specific Ninth Circuit authority on that point or do we have to make – join our sister circuits to get there? No, Your Honor, I don't think that the Ninth Circuit would have to agree with the other circuits to do it because it's been doing it for years where it's been transferring cases, as it did in Trehumehe. But Trehumehe says they're leaving that question open. So we don't have case law exactly on point, do we? No, Your Honor. Okay. So we could clarify that if we wanted to. You could, but counsel doesn't believe it's necessary to do that. Okay. Say that again. You could clarify Judge Callahan's point, but it's not necessary to do so in this case. The Ninth Circuit – the panel could just avoid that and just exercise its authority and transfer it to 11th Circuit, where the government will move to remand this to the board for further consideration. And again, it is within the interest of justice to transfer, as Judge Callahan pointed out. Even if the petitioner's case is not forum shopping, it could induce forum shopping. Proceedings were completed in Atlanta, which is where the petitioner – Well, forum shopping is not a sin, is it? It should not be encouraged, Your Honor. It's done all the time. But that doesn't mean it should be encouraged, Your Honor. But again, there are – aside from that concern, there are – Well, if you're a good lawyer, you're going to look for the most – what you think is going to be the – But there are other reasons as well, Your Honor. I know, Your Honor. The petitioner has not resided in this circuit in over two decades. Proceedings were completed in the 11th Circuit. That's where the immigration judge sat. That's where the petitioner was located. That's where the DHS office who handled this case was located. That is the precedent that the petitioner applied in this case. Well, if we keep it here, there would be a difference in what happened in the sense that it's pretty much going to be de novo, right? Yes, Your Honor. Because we don't have the benefit of what's already happened. Even though on remand, allegedly, Ms. Bibiano would be able to do other – would be able to address other things, but she still has the law of whatever has happened in the case previously, right? That is correct. An 11th Circuit precedent would apply if it's in the 11th Circuit. Ninth Circuit precedent would apply if she's in the Ninth Circuit, right? That is correct, Your Honor. Thank you. Does the panel have any other questions? No. Thank you. Thank you, Your Honor. I'd like to address a few issues that have come up. One, as I pulled up the case, and yes, the Court hasn't decided whether Venue is jurisdictional. All other circuits have decided it's not. It's entitled Venue. It's not jurisdiction. Thank you for not making me think I'm crazy. I appreciate that. Thank you, Your Honor, for looking it up. You're talking about Trejo Mejia, huh? Yes. And moreover, as the Second Circuit has explained, the language of 1252b2 regarding filing locality reveals its non-jurisdictional character by the company it keeps, since there is no question that the requirement to file typewritten briefs is not jurisdictional. Where are you reading from? I'm looking at 1252b2. What did you say? 1252b2, it also contains a requirement that briefs be typewritten, and courts have held that it's not a jurisdictional requirement, and by extension the very same language in the provision would also be non-jurisdictional, plus it's entitled Venue. And typically courts have concluded that where it's entitled Venue rather than jurisdiction, it's non-jurisdictional, especially given that so many provisions of the DOJ Act actually are about imposing limits on courts of appeals jurisdiction. In any event, the other points, but we're happy to submit supplemental briefing if the courts would like for us to brief this point. At counsel table, is that your co-counsel? Yes. Oh, okay. You're speaking for both then, I'm assuming. You're handling all the argument? Yes. Okay. Thank you. Moreover, just to clarify, we are asking, well the government agrees that the case should be transferred to the BAA so the BAA can reexamine Ms. Bibiano's withholding and CAT claims based on proper application of the law. Although the government keeps saying that it would come out differently in the 11th circuit, it's actually the government hasn't cited a single point that would come out differently because the errors here were so egregious. Are you saying you think it would come out the same in either circuit? If you think that, why are you opposing transfer? Well, we believe that the case belongs in the circuit because under 1252B it's a little bit different. But wouldn't it go back to the same judge? I mean, it could go back to the same judge that did it wrong before, right? I believe it could go back to the BAA. I don't believe it's wrong. But then the BAA, if the BAA further remanded for something, it would arguably go back to the same judge. I'm not sure how it works. I'm not sure. But we believe that just given the record here that establishes epidemical violence against transgender women in Mexico, which is what this court recognized in Abandono, that if the courts were properly to apply case law, it would just grant relief. And as the government also conceded, the BAA screwed up the reporting requirement, which does not exist. But I guess what I'm saying, though, is if the BAA thought there needed to be further evidentiary development, they could remand it to the IJ that originally denied relief and do it there, as opposed to if it were in the ninth circuit and they felt the record needed to be properly developed, it would go to an entirely new judge. I believe so, Your Honor, but I'm not exactly sure on the dynamics. Our hope, again, is given the errors and hopefully given the language of the remand order, that the BAA would actually apply proper standards and grant relief. So then, but I guess what Judge DeShima is saying, then, if the BIA, if it's all going to happen there, it doesn't really matter because it's not BIA, except for it's 11th Circuit law, BIA. But the BIA is just in one spot, right? Right. But it can certainly apply different circuit laws. And here, we fully briefed the case and every single aspect of it and every single requirement for withholding and CAT under the ninth circuit law. So we believe it would be good instruction for the BIA to examine, re-examine those claims under the ninth circuit law. And moreover, as I said, if the case is transferred, it only causes delay while Ms. Bibiano continues to live under the uncertainty about her immigration status. So, unless the court has other questions. And you've been working on this for how long? I've been representing Ms. Bibiano since, I believe, 2013. The case has been pending in this circuit since 2012. I believe the government first moved to transfer the case the court issued in order that venue will be briefed together with merits. And so then we briefed fully venue and merits, and then there was quite a bit of delay. So are you your own law firm or are you associated with a project? I'm with Jones Day. That what? I'm at Jones Day. Jones Day. Jones Day. Jones Day. Yes. Okay. Sorry. Now, Ms. Dorfman, did you prepare the petition for review in this case? I prepared the latest rounds of briefs. Only that. Well, who prepared the petition for review? My co-counsel. Well, from your same law firm. No, no. This is Ms. Karen Zwick. She's with National Immigration Justice Center. Let me ask the next question. Who decided in which circuit the petition should be filed? You? No, I was not involved at the time it was filed. But looking at the statutory text that talks about proceedings. No, it's the one who made the decision. Obviously, somebody thought there was a tactical advantage of filing in the 9th Circuit, right? Well, again, Your Honor, I came in at the pilot stage from my perspective. Looking at the plain language of the statute, our filing tracks the language of the statute, and we believe it's in the interest of justice to be here as well. The clear answer would be is you did not make the decision. No, I did not make the decision. But you feel comfortable defending the position. Absolutely, yes. I do feel comfortable both on statutory and on interpretation. We're interpreters here. Yes, Your Honor. And that's the course of other questions. All right. Thank you. Thank you. Thank you. That's it, huh? That's it. In this case, I mean. Okay.
judges: Pregerson, Tashima, Callahan